IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

FILED-CLERK
DISTRICT COURT
05 MAR 16 AM 10: 52
TX EASTERN-MARSHALL
BY_____

| | | |
|---|---|---|
| NETDATE OF TEXAS, L.L.C. | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. |
| | § | **2-05CV-114** TJW |
| YAHOO! INC., MATCH.COM, | § | |
| INC., LAVALIFE, INC., LYCOS, | § | JURY TRIAL |
| INC. d/b/a MATCHMAKER.COM, | § | |
| FRIENDFINDER, INC., and | § | |
| WEBDATE, INC. | § | |
|     Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

NetDate of Texas, L.L.C. ("NetDate") files its Plaintiff's Original Complaint against Yahoo! Inc., Match.com, Inc., Lavalife, Inc., Lycos, Inc., Friendfinder, Inc. and WebDate, Inc. (collectively, "Defendants") as follows:

### NATURE OF THE ACTION

1.    This is a patent infringement action to stop each Defendant's infringement of NetDate's patented technology. NetDate seeks injunctive relief and monetary damages. The patent in suit is U.S. Patent No. 5,996,006, a copy of which is attached hereto as Exhibit "A."

## PARTIES

2. Plaintiff NetDate is a Texas limited liability company. NetDate maintains its principal office at 505 E. Travis, Suite 205, Marshall, Texas 75670.

3. Defendant Yahoo! Inc. ("Yahoo") is a corporation duly organized under the laws of the State of Delaware, with is principal place of business located at 701 First Avenue, Sunnyvale, California 94089. Yahoo may be served via its registered agent for service of process, Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

4. Defendant Match.com, Inc. ("Match.com") is a corporation duly organized under the laws of the State of Delaware, with is principal place of business located at 3001 E. President George Bush Hwy, Suite 100, Richardson, Texas 75082. Match.com may be served via its registered agent for service of process, Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

5. Defendant Lavalife, Inc. ("Lavalife") is a corporation duly organized under the laws of the State of Delaware, with its principal place of business located at 905 King Street West, Toronto, Ontario, Canada M6K 3G9. Lavalife may be served via its registered agent for service of process, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

6. Defendant Lycos, Inc. ("Lycos") doing business as Matchmaker.com ("Matchmaker") is a corporation duly organized under the laws of the State of Virginia, with its principal place of business located at 400-2 Totten Pond Rd., Waltham, Massachusetts

02451. Matchmaker may be served via its registered agent for service of process Robert J. Davis, 400-2 Totten Pond Rd., Waltham, Massachusetts, 02451.

7. Defendant Friendfinder, Inc. ("Friendfinder") is a corporation organized under the laws of the State of of California, with its principal place of business located at 445 Sherman Ave., Suite T, Palo Alto, California 94306. Friendfinder may be served via its registered agent for service of process, Andrew Conru, 445 Sherman Ave., Suite T, Palo Alto, California 94306.

8. Defendant Webdate Incorporated ("Webdate") is a corporation duly organized under the laws of the State of Florida, with its principal place of business located at 705 Washington Avenue, 3rd Floor, Miami Beach, Florida 33139. Webdate may be served via its registered agent for service of process Myron Samole, 9700 South Dixie Highway, Suite 1030, Miami, Florida 33156.

## JURISDICTION AND VENUE

9. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 et seq., and in particular 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

10. The Court has personal jurisdiction over Defendants because: each Defendant has minimum contacts with the State of Texas and the Eastern District of Texas; each Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Eastern District of Texas; each Defendant has sought protection and

benefit from the laws of the State of Texas; each Defendant regularly conducts business within the State of Texas and within the Eastern District of Texas; and Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of Texas and in the Eastern District of Texas.

11. More specifically, each Defendant, directly or through intermediaries, ships, distributes, offers for sale, sells, and/or advertises (including the provision of an interactive web page) its products and services in and to the State of Texas and the Eastern District of Texas. Each Defendant, through their respective internet personals services, has committed patent infringement in the State of Texas and in the Eastern District of Texas, has contributed to patent infringement in the State of Texas and in the Eastern District of Texas, and/or has induced others to commit patent infringement in the State of Texas and in the Eastern District of Texas. Each Defendant's internet personals service solicits customers in the State of Texas and in the Eastern District of Texas. Each Defendant has many paying subscribers who are residents of the State of Texas and the Eastern District of Texas and who use each respective Defendant's internet services in the State of Texas and the Eastern District of Texas.

12. Defendants Yahoo and Match.com each maintain a registered agent for the service of process in the State of Texas. Yahoo and Match.com also maintain business facilities in Texas. Match.com maintains facilities in the Eastern District of Texas. Upon information and belief, Match.com's principal place of business is in the Eastern District of Texas.

13. Venue is proper in the Eastern District of Texas under 28 U.S.C. §§1391(b)-(c) and 1400(b) because Defendants have committed substantial acts of infringement in this Judicial District and because each Defendant is subject to personal jurisdiction in this Judicial District.

## COUNT I – PATENT INFRINGEMENT

14. U.S. Patent No. 5,996,006 (the "'006 patent"), entitled "INTERNET-AUDIOTEXT ELECTRONIC ADVERTISING SYSTEM WITH ENHANCED MATCHING AND NOTIFICATION," was duly and legally issued by the United States Patent and Trademark Office on November 30, 1999 after full and fair examination. NetDate is the owner of the '006 patent. NetDate holds all rights and interest in the '006 patent, including the right to sue for patent infringement.

15. Each Defendant provides internet personals services and maintains an internet personals website. Yahoo's internet personals website may be found at http://personals.yahoo.com/. Match.com's internet personals website may be found at http://www.match.com/. Lavalife's internet personals website may be found at http://www.lavalife.com/. Lycos' internet personals website may be found at http://www.matchmaker.com/. Friendfinder's internet personals website may be found at http://www.friendfinder.com/. Webdate's internet personals website may be found at http://www.webdate.com/.

16. Each Defendant maintains an internet personals site that has infringed and is infringing the '006 patent. Each Defendant also has induced infringement and contributed to the infringement of the '006 patent by others.

17. Each Defendant's aforesaid activities have been without authority and/or license from Netdate.

18. Upon information and belief, each Defendant's infringement of the '006 patent is willful and deliberate. Upon information and belief, each Defendant's inducement to infringe and contributory infringement of the '006 patent is willful and deliberate.

19. NetDate is likely to be irreparably harmed by each Defendant's infringement, inducement to infringe, and contributory infringement of the '006 patent.

## JURY DEMAND

20. Plaintiff demands a trial by jury on all issues and has paid the jury fee.

# RELIEF

Plaintiff NetDate of Texas, L.L.C. respectfully requests the following relief:

A. that the Court adjudge that each Defendant has infringed the '006 patent as alleged herein, directly and/or indirectly by way of inducing or contributing to infringement of the '006 patent;

B. that the Court issue a permanent injunction enjoining each Defendant from making, using, selling, or offering for sale in the United States any products or services, and from undertaking processes, embodying the patented inventions claimed in the '006 patent;

B. that the Court award damages to NetDate to which it is entitled;

C. that the Court treble the damages for each Defendant's willful infringement as provided for in 35 U.S.C. §284;

D. that the Court award interest on such damages;

E. that the Court award NetDate's costs and attorneys' fees incurred in this action; and,

F. that the Court award such other relief as the Court deems just and proper.

Respectfully submitted,

**McKOOL SMITH, P.C.**

By: /s/ Sam Baxter

Sam Baxter, Attorney in Charge
State Bar No. 1938000
Gary Cruciani
State Bar No. 05177300

505 E. Travis, Suite 105
Marshall, Texas 75670
Telephone: (903) 927-2111
Telecopier: (903) 927-2622

**MONTS & WARE, L.L.P.**

Leslie D. Ware
State Bar No. 00785179
Brent N. Bumgardner
State Bar No. 00795272
G. Donald Puckett
State Bar No. 24013358

1701 N. Market, Suite 330
Dallas, Texas 75202-2013
Telephone: (214) 744-5000
Telecopier: (214) 744-5013

**ATTORNEYS FOR NETDATE OF TEXAS, L.L.C.**